THE MICHIGAN SOUTHERN AND NORTHERN INDIANA RAIL-
ROAD COMPANY *v.* CASTER and Another.

Where goods are delivered to a carrier, and they are not transported according to his undertaking, but are injured or destroyed, the rule of damages is the value of the goods at the place to which they were to be carried, less the freight.

*Quære,* whether a railroad company receiving goods directed to a point beyond the terminus of their route, is liable for such damages at the point to which the goods are directed.

Thursday,
December 1.

APPEAL from the *Elkhart* Court of Common Pleas.

PERKINS, J.—This was an action commenced by the appellees against the appellants in the *Elkhart* Court of Common Pleas, to recover the value of a threshing machine, which, it is alleged in the complaint, *Caster* and *Stutsman* delivered to the appellants at *Elkhart, Indiana*, to be forwarded to *Chicago*, and there delivered to the next connecting railroad to *Iowa City;* and which, it is alleged, was not delivered, but was broken and injured while in the custody of the appellants.

The answer of the defendants below consisted, first, of a general denial; and, secondly, of a special matter of defense, which it is, perhaps, not necessary to refer to particularly.

The cause was tried by a jury, and a verdict and judgment were rendered in favor of the plaintiffs below for 450 dollars and costs.

Instructions to the jury were asked for by the defendants, which were refused; others were given by the Court

at the instance of the plaintiffs. A motion for a new trial was made by the defendants and overruled, and evidence on the part of the plaintiffs was permitted to go to the jury against the objections of the defendants. All the questions arising in the case, were reserved by exceptions. The evidence is all incorporated into the record.

Nov. Term,
1859.

THE MICHI-
GAN, &C.,
RAILRO'D Co.
v.
CASTER.

The. receipt given by the railroad company, acknowledging the delivery to them of the threshing machine, expressly limited their liability for it to the time when it should be receipted for by the connecting railroad company at *Chicago*. The loss of the machine happened between *Elkhart* county, where the appellants received it, and *Chicago*, where they were to discharge it. The Court charged the jury thus:

"The general rule, when goods are delivered to a carrier, and they are not transported according to his undertaking, as to the amount to be recovered, is the value of the property at the point of destination; and if, in this case, the machine was to be transported from *Goshen* to *Iowa City*, the obligation of the defendants is, to transport the same safely and in good order, which was not done, but on the contrary, the machine was, by the defendants, broken, injured, or destroyed, and they are liable for such value;" meaning clearly the value of the machine at *Iowa City*.

This instruction is wrong. The rule of damages, in such case, is the value of the goods at the place to which they were to be carried, less the freight. Ind. Dig., p. 389.

Again, the instruction assumes that *Iowa City* is the place of destination at which the value of the machine was to be estimated. We are not clear, that, as to the *Michigan, &c., Railroad Company*, the defendants below, *Chicago* was not the place of destination. *Parsons*, in his Mercantile Law, says the rule in *England* seems to be, that if a carrier takes goods marked for a place beyond his own route, he will be liable for the goods to the place to which they are marked for delivery; while in the *United States*, he says, the weight of authority is, that he will not be liable beyond his own route without an agreement to that effect. Parsons, *supra*, pp. 215, 216. See *Denneson*

Nov. Term, 1859.

THE MICHI-
GAN, &c.,
RAILRO'D Co.
v.
CASTER.

v. *The Camden, &c., Railroad Co.,* 4 Am. Law Reg. 234, and note.

But will this principle have any application in determining the rule for the assessment of damages for a loss happening upon either of the routes making up the whole line of transportation? This question will be left undecided till it has been argued.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. B. Niles,* for the appellants (1).

*R. Lowry* and *J. A. Liston,* for the appellees.

(1) Extract from Mr. *Niles*' brief:

The company only undertook to deliver the machine to a connecting line at *Chicago,* and their liability beyond that point was expressly limited by the written contract—the bill of lading. Even without such an express limitation, that, in this case, would have been the extent of their liability. *Ackley* v. *Kellogg,* 8 Cow. 223.—Pierce on Am. Railr. Law, 451.

It would be unreasonable to hold the company liable for the value of the goods at *Iowa City.* If the evidence on which to base the damages in this case was properly admitted, or if the instruction be correct, then, in case the *Boston and Lowell Railroad Company* should receive goods in *Boston,* marked for *St. Paul,* in *Minnesota,* agreeing to carry them to *Lowell,* and there deliver them to a connecting line, they would be liable, in case the goods were lost, to pay their full value at *St. Paul.* In case of cheap and bulky goods, the value might be double what it would be in *Boston* or *Lowell,* and the owner could recover that double value without having paid any freight or incurred any expenses.

It is the better settled *American* doctrine, that a carrier receiving goods marked to a particular destination, is bound only to transport to the end of his route, when he becomes a mere forwarder. *St. John* v. *Van Santvoord,* 25 Wend. 666.—*Van Santvoord* v. *St. John,* 6 Hill, 158.—*Elmore* v. *Naugatuck,* 23 Conn. R. 457.—Edw. on Bail., 504.—1 Pars. on Cont., p. 687, note *k.*

But in this case, the undertaking being so limited by express contract, it is clear that no responsibility attaches to the company beyond *Chicago.* It follows, as a corollary, that the evidence as to the value of the property at *Iowa City,* which was the only basis for the verdict, was improperly admitted, and the instruction on that point was erroneous.

It follows, also, that there was no sufficient evidence to sustain the verdict, for there was nothing from which the jury could ascertain the true measure of damages.

But, again, there was no refusal to deliver these goods, and there was no evidence of a conversion of them by the company. They were seen at *Laporte* in an injured condition, and they may have been detained on the road for an unreasonable time, though there is no evidence on that subject. The mere failure to deliver the property at *Chicago* in a reasonable time, does not make

the company liable for its entire value. *Robinson* v. *Austin*, 2 Gray, 564.— *Bonlin* v. *Nye*, 10 Cush. 416.—*Scovill* v. *Griffith*, 2 Kern. 509.

When goods are only damaged, the owner is still bound to receive them, and cannot go against the carrier for a total loss. Redf. on Railw., p. 320.

Nov. Term, 1859.